| | |
|---|---|
| ALFRED HOWARD BACON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PAPÉ TRUCK LEASING, INC., a California Corporation; and ESTENSON LOGISTICS, LLC, a California Limited Liability Company;<br><br>Defendants. | Case No. 2:16-cv-02664-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On April 22, 2016, Plaintiff Alfred Howard Bacon ("Plaintiff") filed a complaint in the San Joaquin County Superior Court alleging negligence and negligence per se against Papé Truck Leasing, Inc., ("Papé") and Estenson Logistics, LLC ("Estenson") (collectively "Defendants"). ECF No. 1-1. The complaint alleges that Plaintiff, a truck driver for Quality Driver Solutions ("Quality"), was seriously injured while driving a semi-truck owned by Papé and leased to Estenson. The truck hydroplaned and hit a cement wall, leaving Plaintiff with serious bodily injuries. Plaintiff alleges that Defendants were negligent in failing to properly maintain the truck. Papé removed the case to this Court on November 8, 2016. ECF No. 1-4.

///

Soon after the incident, Plaintiff filed a workers' compensation claim with Sussex Insurance Company ("Sussex"), Quality's insurance provider. As of May 25, 2017, Sussex had paid Plaintiff benefits arising out of this incident in the amount of $91,578.24. ECF No. 14. Sussex, as subrogee of Plaintiff's employer, Quality, seeks to intervene in the case so it can be reimbursed by Defendants for the benefits it paid Plaintiff. ECF No. 14. Presently before the Court is Sussex's Motion to Intervene. ECF No. 14.[1] For the following reasons, Sussex's Motion is GRANTED.[2]

## STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 24(a) governs intervention of right, and provides in relevant part:

> On timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Cal. Code of Civil Procedure § 387(d)(1) aligns with Fed. R. Civ. P. 24(a) for determining when intervention is proper, so the standard remains the same whether analyzed under federal or state law. In addition, Cal. Labor Code § 3853 provides for joinder of plaintiffs as follows: "If either the employee or the employer brings an action against [a] third person…the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently." California courts regularly allow workers' compensation insurance providers to intervene as subrogees of

---

[1] Sussex apparently filed two motions to intervene, ECF No. 13 and ECF No. 14. However, the two documents appear to be duplicative filings. ECF No. 13 is an incomplete version of ECF No. 14. What exists of ECF No. 13 is identical to the same pages that appear in ECF No. 14. Therefore, as a duplicative filing, ECF No. 13 is DENIED as moot.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

employers in injured workers' actions.  See, e.g., Fremont Compensation Ins. Co. v. Sierra Pine, Ltd., 121 Cal. App. 4th 389 (2004).  "Intervention may…be allowed in the insurance context, where third-party claimants are involved, when the insurer is allowed to take over in litigation if its insured is not defending an action, to avoid harm to the insurer."  Royal Indem. Co. v. United Enter., Inc., 162 Cal. App. 4th 194, 206 (2008).

Sussex is in the situation of the classic subrogee insurer.  It seeks reimbursement of benefits it paid to an employee on behalf of the employer to compensate for an injury inflicted on the employee by a third party, during the employee's course of employment.  Further, Sussex's Motion to Intervene is unopposed.  Therefore, Sussex may appropriately intervene as a subrogee in this case, and its Motion is GRANTED.

## CONCLUSION

For the reasons set forth above, Sussex's Motion to Intervene (ECF No. 14) is GRANTED.  To the extent Sussex has filed an additional Motion to Intervene at ECF No. 13, that Motion is duplicative and is accordingly DENIED as moot.

IT IS SO ORDERED.

Dated: March 17, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE