UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED HOWARD BACON,<br><br>Plaintiff,<br><br>v.<br><br>PAPE TRUCK LEASING, INC., et al.,<br><br>Defendants. | No. 2:16-cv-02664-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

On April 22, 2016, Plaintiff Alfred Howard Bacon ("Plaintiff") filed a complaint in San Joaquin County Superior Court alleging negligence and negligence per se against Pape Truck Leasing, Inc., ("Pape") and Estenson Logistics, LLC ("Estenson") (collectively "Defendants"). ECF No. 1-1. Pape removed the case to this Court on November 8, 2016. ECF No. 1-4. The operative complaint alleges that Plaintiff, a truck driver for Quality Driver Solutions ("Quality"), was seriously injured while driving a semi-truck owned by Pape and leased to Estenson. The truck hydroplaned and hit a cement wall, leaving Plaintiff with serious bodily injuries. Plaintiff alleges that Defendants were negligent in failing to properly maintain the truck. Soon after the incident, Plaintiff filed a workers' compensation claim with Sussex Insurance Company ("Sussex"), Quality's insurance provider, and Sussex thereafter intervened in this action. See ECF No. 23 (granting motion to intervene). Presently before the Court is Pape's Motion for Summary

1

Judgment ("MSJ") regarding two distinct issues: (1) Plaintiff's claim for punitive damages, and (2) Plaintiff's claim for attorney's fees. ECF No. 18. For the reasons set forth below, the Motion is GRANTED.[1]

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the nonmoving party bears the burden of proof at trial, the moving party can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325;

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1 see also Fed. R. Civ. Pro. 56(c)(1)(B).  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Id. at 587.

///

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

Pape moves for summary adjudication of two issues: (1) Plaintiff's claim for punitive damages, arguing that there is no evidence of malicious, oppressive, or fraudulent conduct; and (2) Plaintiff's claim for attorney's fees, arguing that they are not authorized as a matter of law. Plaintiff filed an Opposition, asserting only that Pape's Motion should be denied because it failed to submit a separate statement of undisputed fact, as required under the local rules. Opp., ECF No. 21. But, as Pape points out in its Reply, ECF No. 22, it did file a separate statement along with its moving papers, ECF No. 18. Because Plaintiff asserts no additional grounds for opposing summary judgment, the Court treats Pape's Motion as unopposed.

A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95, n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers themselves are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) (citing Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)), rev'd on other grounds, 517 U.S. 820 (1996). Moreover, as noted

1 above, where the nonmoving party bears the burden of proof at trial, the moving party
2 can meet its burden by "pointing out . . . that there is an absence of evidence to support
3 the nonmoving party's case." Celotex, 477 U.S. at 325; see also Fed. R. Civ. P. 56(c)(1)(B).
4 If the moving party meets its initial responsibility, the burden then shifts to the opposing
5 party to establish that a genuine issue as to any material fact actually does exist.

6 The Court finds Pape has met its "burden of showing entitlement to judgment" as
7 to both claims in question. Crisobal, 26 F.3d at 1491. With respect to Plaintiff's punitive
8 damages claim, the Court agrees that no evidence has been proffered in support of the
9 assertion that Pape acted with malice, or in an oppressive or fraudulent manner, nor has
10 Plaintiff raised a genuine issue of material fact regarding the ratification of any malicious,
11 oppressive, or fraudulent conduct by an officer, director, or managing agent of Pape.
12 Because Pape has met its initial burden and Plaintiff has failed to raise a genuine issue
13 as to any material fact in this regard, Pape's Motion is GRANTED with respect to
14 punitive damages, without prejudice to Plaintiff reasserting such damages should
15 evidence of malice, oppression, or fraud arise hereafter.

16 With respect to Plaintiff's request for attorney's fees, Pape has successfully
17 established that there is no statutory authority for the recovery of such fees for Plaintiff's
18 claims of negligence and negligence per se. Absent such authority, Plaintiff is not
19 entitled to recover attorney's fees under California Code of Civil Procedure § 1021, a
20 point Plaintiff does not dispute. Consequently, Pape's Motion is GRANTED with respect
21 to Plaintiff's claim of attorney's fees as well.

**CONCLUSION**

25 For the reasons set forth above, Defendant Pape's Motion for Summary
26 Judgement, ECF No. 18, is GRANTED. With respect to Plaintiff's claim for punitive
27 ///
28 ///

damages, however, the Motion is GRANTED without prejudice to Plaintiff renewing a request for damages in that regard should evidence arise that supports such damages.

IT IS SO ORDERED.

Dated: August 14, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE