UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALFRED HOWARD BACON, | No. 2:16-cv-02664-MCE-AC |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| PAPE TRUCK LEASING, INC. and ESTENSON LOGISTICS, LLC, | |
| Defendants. | |

Plaintiff Alfred Howard Bacon ("Plaintiff") filed this suit against Pape Truck Leasing, Inc. ("Pape") and Estenson Logistics, LLC ("Estenson") alleging negligence and negligence per se. Presently before the Court are Pape's Motion for Summary Judgment, ECF No. 33, and Estenson's Motion for Summary Judgment, ECF No. 39. For the reasons set forth below, both motions are GRANTED.[1]

///
///
///
///

---

[1] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).

1

# BACKGROUND[2]

### A. Plaintiff's Employment with Estenson

Estenson, a trucking company, had a contractual agreement with Quality Driver Solutions, Inc. ("Quality"), a temporary manpower agency, to provide temporary drivers to Estenson. Specifically, Estenson would provide the vehicle as well as comprehensive general liability and property damage insurance to protect against any liability to the public arising out of or related in any manner to the work performed for Estenson by any assigned Quality associate. Furthermore, Quality would not be responsible for any claims, demands, causes of action, or otherwise (except under workers' compensation laws) resulting from any actions or inactions by any assigned Quality associate as contemplated herein, "while such associate is under the control and direction of Estenson [] or while operating a vehicle owned, leased, or operated under the control of Estenson [] directly or indirectly, at any time, whether or not for the benefit of Estenson []." Quality was responsible for providing workers' compensation insurance to its associates.

On March 1, 2013, Plaintiff, a commercial truck driver, was placed with Estenson through his employment with Quality. In April 2014, Plaintiff drove a tractor-trailer under Estenson's direction and control. Specifically, Estenson instructed Plaintiff on his duties, provided the equipment such as the truck tractor and trailer, and controlled Plaintiff's hours. Plaintiff received his assignments from Estenson's dispatchers, reported to Estenson's facilities, and prepared daily inspection reports as directed by Estenson dispatchers. Estenson also had the ability to terminate Plaintiff if he was not performing up to Estenson's standards.

///
///

---

[2] The following recitation of undisputed facts is taken, sometimes verbatim, from Plaintiff's Complaint (ECF No. 1-1) and the parties' Statements of Undisputed Facts (ECF Nos. 37, 39-2, 43, 46).

### B. Pape's Contractual Relationship with Estenson

Pape is the owner of a 2013 KW Truck Tractor (the "subject truck tractor") and a 2006 HYTR Semi Trailer and leased them to Estenson.[3] Pursuant to the rental agreement, Estenson agreed, among other things, to visually inspect the subject truck tractor at least daily and to notify Pape if any repair or maintenance was required. Estenson further acknowledged that Pape had no responsibility to inspect the subject truck tractor while in Estenson's possession. Pape was never notified by Estenson of any issues with the subject truck tractor.

### C. Plaintiff's Accident and Workers' Compensation Claim

On April 25, 2014, Estenson provided Plaintiff with the subject truck tractor and asked Plaintiff to pick up an empty trailer from a yard in Lathrop, California. Before leaving the yard, Plaintiff performed a quick pre-trip inspection of the subject truck tractor, which included thumping the tires. Plaintiff did not do his typical required daily inspection of the subject truck tractor because Estenson told him it was unnecessary. Plaintiff was operating the subject truck tractor when it began to rain. When he applied the brakes, the subject truck tractor began to hydroplane out of control. Plaintiff collided with a cement bridge wall, causing a great deal of damage to the subject truck tractor and leaving Plaintiff with serious bodily injuries.

Plaintiff filed a workers' compensation claim against Quality's compensation carrier, Sussex Insurance Company. All of Plaintiff's medical care was provided through workers' compensation and Plaintiff was also given lifetime medical care through workers' compensation.

### D. Procedural History

On April 22, 2016, Plaintiff initiated this action in San Joaquin County Superior Court. ECF No. 1-1. On November 8, 2016, Pape removed the action here. ECF No. 1. Plaintiff alleges Pape and Estenson failed to properly inspect, maintain, service, and

---

[3] Pape states that it did not lease the 2006 HYTR Semi Trailer. Pape's Mem. Supp. Summ. J., ECF No. 34, at 5.

repair the subject truck tractor as required by federal and California state law. He further claims that the tires on the subject truck tractor had "Bald/worn tire tread/insufficient tire tread depth."

On December 18, 2017, Pape filed a motion for summary judgment regarding two issues: (1) Plaintiff's claim for punitive damages, and (2) Plaintiff's claim for attorney's fees. ECF No. 18. On August 15, 2018, this Court granted Pape's motion. ECF No. 27. The following August, both Pape and Estenson filed their instant Motions for Summary Judgment. ECF Nos. 33, 39.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of

material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

///

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

### A. Estenson's Motion for Summary Judgment

Estenson moves for summary judgment on the basis that Plaintiff's claims are barred by the exclusive remedy provisions of the Workers' Compensation Act ("WCA"). Estenson's Mem. Supp. Summ. J., ECF No. 39-1, at 1. Plaintiff filed a statement of non-opposition to Estenson's Motion. ECF No. 44. While "[a] district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition," Van Mathis v. Safeway Grocery, No. C 09-2026 WHA (PR), 2010 WL 3636213, at *1 (N.D. Cal. Sept. 14, 2010), the Court agrees here that Estenson has satisfied "its burden of showing entitlement to judgment." Cristobal v. Siegal, 26 F.3d 1488, 1491 (9th Cir. 1994).

Under California substantive law, a special employment status "arises when an employer lends an employee to another employer and relinquishes to the borrowing employer all right of control over the employees' activities. The borrowed employee is held to have two employers—his original or 'general' employer and a second, the 'special' employer." Wedeck v. Unocal Corp., 59 Cal. App. 4th 848, 856-57 (1997) (internal citations omitted). The question of whether a special employment relationship exists is generally a question of fact reserved for the jury. Kowalski v. Shell Oil Co., 23 Cal. 3d 168, 175 (1979). "However, if neither the evidence nor inferences are in

conflict, then the question of whether an employment relationship exists becomes a question of law which may be resolved on summary judgment." Riley v. Southwest Marine, Inc., 203 Cal. App. 3d 1242, 1248 (1988). There are multiple factors to be considered in determining whether a special employment relationship exists, but the primary one is "whether the special employer has the right to control the direct activities of the alleged employee or the manner in which the work is performed, whether exercised or not." Wedeck, 59 Cal. App. 4th at 857 (listing additional factors such as length of employment, existence of agreement between original and special employers, and whether the employee is performing the special employer's work).

Here, the undisputed facts evidence the existence of a special employment relationship between Plaintiff and Estenson. First, Plaintiff's placement with Estenson through Quality, a temporary manpower agency, does not negate the existence of a special employment relationship. Santa Cruz Poultry, Inc. v. Super. Ct., 194 Cal. App. 3d 575, 579 (1987) ("[I]n cases such as this where the general employer is a temporary employment agency . . . and the business to which the employee is assigned has the right of supervision and direction of the employment duties, the typical result is to find the existence of a special employment relationship."). Second, the control factor weighs heavily in Estenson's favor: Plaintiff received his assignments from Estenson's dispatchers, reported to Estenson's facilities, and prepared daily inspection reports as directed by Estenson's dispatchers. Estenson's Statement of Undisputed Facts, ECF No. 39-2, ¶¶ 12, 16-20. Estenson also provided Plaintiff with the equipment (including the subject truck tractor) and controlled the number of hours Plaintiff worked. Id. ¶¶ 13-14. Thus, the Court finds that a special employment relationship existed. See Santa Cruz Poultry, 194 Cal. App. 3d at 584 (finding existence of special employment relationship when special employer "had the ability to control the result of [temporary worker]'s work and the means by which it was accomplished, including the details relating to his job performance at the time of the injuries alleged").

///

Since Plaintiff was a special employee of Estenson, the WCA's exclusive remedy rule precludes Plaintiff's claims only if the accident at issue occurred during the course and scope of the special employment. Here, Estenson asked Plaintiff to pick up an empty trailer at the yard in Lathrop and provided him with the subject truck tractor. The accident occurred while Plaintiff was driving the subject truck tractor on Estenson's assignment. Because the accident occurred during the course and scope of the special employment, Estenson is entitled to the protections of the WCA's exclusive remedy rule and Plaintiff's claims against Estenson are thus barred.[4] Based on the above and Plaintiff's failure to provide any evidence to the contrary, Estenson's Motion is GRANTED.[5]

### B. Pape's Motion for Summary Judgment

#### 1. Negligence (First Cause of Action)

Pape argues that it did not owe a duty to Plaintiff because it leased the subject truck tractor to Estenson who assumed all responsibilities for their use and maintenance. Pape's Mem. Supp. Summ. J., ECF No. 34, at 5. In California, a plaintiff must prove the following elements for a negligence claim: (1) a legal duty to use care; (2) breach of that duty; (3) causation; and (4) damages. Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996).

As an initial matter, there are no undisputed facts in this case. Significantly, it is undisputed that Estenson was contractually responsible to visually inspect the subject truck tractor daily as well as notify Pape should any repair or maintenance be necessary.

---

[4] Given the medical treatment and coverage Plaintiff received by way of his workers' compensation claim, the inability to bring a tort claim is supported by the case law. See Santa Cruz Poultry, 194 Cal. App. 3d at 583 ("Further, the employee here has received the quid pro quo—workers' compensation coverage with attendant quick recovery and simplified procedures—which justifies loss of the right to bring a tort case.").

[5] Estenson further moves for summary adjudication on Plaintiff's claim for punitive damages, arguing that there is no evidence of malicious, oppressive, or fraudulent conduct. Estenson's Mem. Supp. Summ. J., ECF No. 39-1, at 15-17. The Court agrees that no evidence has been proffered in support of the assertion that Estenson acted with malice, or in an oppressive or fraudulent manner, nor has Plaintiff raised a genuine issue of material fact regarding the ratification of any malicious, oppressive, or fraudulent conduct by an officer, director, or managing agent of Estenson. Therefore, Estenson's Motion is also GRANTED with respect to punitive damages.

8

It is further undisputed that Estenson acknowledged Pape had no responsibility to inspect the subject truck tractor while it was in Estenson's possession. Finally, both parties agree that Estenson inspected the subject truck tractor prior to leaving Pape's possession and that Plaintiff performed his own pre-trip inspection, with both inspections failing to find any problems or deficiencies with the tires.

Plaintiff does not provide any evidence in opposition to the foregoing and instead argues that leasing the subject truck tractor to Estenson does not excuse Pape from liability. Pl.'s Opp., ECF No. 41, at 6. Not only does Plaintiff fail to cite any legal authority for this proposition, but it is undisputed that Pape had no responsibility for the subject truck tractor while in Estenson's possession. Based on the undisputed facts, it is unclear what duty Pape owed to Plaintiff if Estenson was responsible for inspections while the subject truck tractor was in its possession, and such inspections failed to reveal any issues with the tires. See also 49 C.F.R. § 376.12(c)(1) (providing the authorized carrier lessee "shall have exclusive possession, control, and use of the equipment" and "assume complete responsibility for the operation of the equipment for the duration of the lease"); 13 C.C.R. § 1235.7(d)(3)(A) (same).

Pape further contends that Plaintiff fails to identify any negligent conduct by Pape or how Pape's actions caused the accident. Pape's Mem. Supp. Summ. J., ECF No. 34, at 6. Plaintiff alleges that the subject truck tractor had "[b]ald tires/worn tire tread/insufficient tire tread depth," which caused the accident. Ex. C, Robertson Decl., ECF No. 36, at 7 (Plaintiff's Response to Interrogatory No. 19). However, Plaintiff's contention is purely conclusory and speculative and fails to point to any direct evidence, including which tires suffered these deficiencies. Furthermore, it is undisputed that both Estenson and Plaintiff inspected the subject truck tractor and found no issues with the tires, with Estenson performing its inspection prior to the subject truck tractor leaving

///
///
///

Pape's possession. Accordingly, there is no genuine issue for trial as to this claim, and Pape's Motion is GRANTED as to Plaintiff's negligence cause of action.[6]

### 2. Negligence Per Se (Second Cause of Action)

Negligence per se is not an independent cause of action recognized in California. Rather, the term refers to the borrowing of a statute to establish either the duty or standard of care in a negligence cause of action. Elsner v. Uveges, 34 Cal. 4th 915, 927 n.8 (2004). Regardless, Plaintiff fails to identify a proper statute or regulation that would establish a duty on the part of Pape. Plaintiff cites a federal regulation which requires tires to have a tread groove pattern of a minimum of 2/32 of an inch but fails to provide evidence that the tires did not meet this standard, especially since Plaintiff agrees that his and Estenson's inspections did not reveal such deficiencies. See 49 C.F.R. § 393.75. Plaintiff also cites California Vehicle Code §§ 1215 and 6336(i), but such sections do not exist. Finally, Plaintiff cites California Vehicle Code § 21059, but this section relates to the operation of rubbish or garbage trucks.[7] Therefore, Pape's Motion is GRANTED as to Plaintiff's negligence per se cause of action.

///
///
///
///
///
///

---

[6] Plaintiff submitted a declaration in support of his Opposition to Pape's Motion, which Pape asks the Court to strike in its entirety as a sham declaration. Pl.'s Decl., ECF No. 42; Pape's Objection to Decl., ECF No. 47. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). The Court notes that Plaintiff's Declaration attempts to create genuine issues of material fact by asserting new arguments not previously found in the Complaint and contradicting statements he made during his deposition. However, given that there are no undisputed facts in this case, the Court reached its decision on that basis and did not need to rely on Plaintiff's Declaration. Therefore, Pape's request to apply the sham declaration rule is denied as moot.

[7] Plaintiff cites additional statutes and regulations in his Opposition that were not previously pleaded in the Complaint. See ECF No. 41, at 4-6. Such assertions are improper and thus there is no basis on which to grant judgment as to these statutes and regulations.

**CONCLUSION**

For the reasons set forth above, Pape's Motion for Summary Judgment, ECF No. 33, is GRANTED, and Estenson's Motion for Summary Judgment, ECF No. 39, is also GRANTED. The Clerk of the Court is directed to enter judgment in favor of Pape and Estenson and to close this case.

IT IS SO ORDERED.

Dated: February 18, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE